Filed 9/28/20  P. v. Powers CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br>v.<br>ANTHONY MARCELL POWERS,<br>　　　　Defendant and Appellant. | A160386<br><br>(Napa County<br>Super. Ct. No. CR182618) |

Anthony Marcell Powers appeals from the trial court's refusal to reduce his felony conviction for misuse of personal identifying information under Penal Code section 530.5, subdivision (a) to a misdemeanor.  His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine whether there are any arguable issues on appeal.  There are no issues requiring further review.  We affirm.

**DISCUSSION**

The following facts and procedural discussion are taken from our opinion in Powers's appeal of his conviction and his related petition for writ of habeas corpus.

"On October 26, 2016, Powers's car was pulled over by American Canyon police when he failed to proceed through an intersection after the light changed to green.  He appeared to be inebriated, his license was

1

suspended or revoked, and his wallet contained numerous identification cards, drivers' licenses, and credit cards belonging to six different individuals. One of those individuals later told police that one credit card found in Powers's possession had been stolen and used at a Kentucky Fried Chicken near the scene of the theft. A baggy containing methamphetamine, a glass smoking pipe and an open bottle of vodka were found in the car. Powers had a 30-year criminal history, was on probation in Solano and Sacramento counties, and would possibly serve a lengthy sentence in his Sacramento cases.

"The Napa County district attorney charged Powers with one count of felony identity theft (Pen. Code § 530.5, subd. (a)), six counts of misdemeanor identifying information theft ([Pen. Code] § 530.5, subd. (c)(1)), possession of a controlled substance (Health & Saf. Code, §11377, subd. (a)), possession of an injection/ingestion device (Health & Saf. Code, § 11364, subd. (a), and driving with a suspended or revoked license (Veh. Code, § 14601.1, subd. (a)). The complaint alleged a prior serious or violent felony conviction pursuant to [Penal Code] section 667, subdivisions (b) through (i).

"On April 27, 2017, pursuant to a negotiated disposition, Powers entered a no contest plea to identity theft and possession of a controlled substance, admitted the prior conviction allegation, and was immediately released on his own recognizance pending sentencing. The plea bargain contemplated a two-year prison sentence, to be increased to six years if Powers failed to appear or committed any new offense.

"On May 30, Powers failed to appear for sentencing. The court revoked his own-recognizance release and issued a bench warrant.

"On November 1, 2017, Powers moved to withdraw his plea. He asserted his plea was involuntary because he had cancer and was on pain

2

medication at the time, did not appreciate the risk of a six-year sentence, entered the plea against his attorney's advice, and '[t]he prospect of immediate release and influence of pain medication overcame the exercise of my free judgment.' On January 3, 2018, Powers withdrew the motion. He was sentenced in accord with the plea agreement to six years in prison, consisting of the aggravated three-year term for identity theft doubled due to the prior strike conviction, plus a concurrent 100 days for the controlled substance misdemeanor."

We dismissed the appeal and denied the petition for writ of habeas corpus. (*People v. Powers*, A153361, A155225, filed May 21, 2019.)

On May 18, 2020, Powers petitioned to have his felony conviction reduced to a misdemeanor under Penal Code section 1170.18 (Proposition 47). The trial court correctly denied the petition on June 11, 2020, citing *People v. Jiminez* (2020) 9 Cal.5th 53, 61-66 [convictions under Penal Code section 530.5 are not eligible for reduction to misdemeanors under section 1170.18.].)

Powers's counsel has represented that he advised Powers of his intention to file a *Wende* brief in this case and of Powers's right to submit supplemental written argument on his own behalf. He has not done so. Powers has also been advised of his right to request that counsel be relieved.

There was no error, and our review of the entire record reveals no issue requiring further briefing.

## DISPOSITION

The order denying the petition is affirmed.

3

_____
Siggins, P.J.

WE CONCUR:


_____
Fujisaki, J.


_____
Petrou, J.


*People v. Powers*, A160386

4